## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

REX SHRUM,                          )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Case No. CIV-03-465-KEW
                                    )
CITY OF COWETA, OKLAHOMA,           )
a municipal corporation;            )
and DERRICK PALMER,                 )
individually,                       )
                                    )
            Defendants.             )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to
Strike [Defendants' Motion for Summary Judgment] filed January 9,
2007 (Docket Entry #72). This motion is at issue as the parties
have filed expedited briefs in response and reply.

This action was commenced on August 22, 2003, alleging
violations of various constitutional rights as enforced through 42
U.S.C. § 1983 and numerous state law claims arising from
Plaintiff's employment with the City of Coweta Police Department.
By Order entered April 1, 2004, this Court granted Defendants'
summary judgment motion as to (1) all § 1983 claims against former
Defendant Steven Whitlock, individually on the basis of qualified
immunity; (2) Plaintiff's First Amendment free speech claim; and
(3) several state law claims. The matter was appealed to the Tenth
Circuit Court of Appeals which rendered its decision on June 8,
2006. As a result of this decision, the federal claims which
remain pending are freedom of association and free exercise of

religion constitutional claims and the state law claims based in an alleged violation of Oklahoma's Religious Freedom Act and state constitutional claims which mirror the federal claims.

On remand from appeal, this Court conducted a Scheduling Conference on September 14, 2006. Thereafter, a Scheduling Order was entered by the Court which omits a date for the dispositive motions, given that such an opportunity had been previously given. Defendants then filed a summary judgment motion. The issues addressed in the Motion are: (1) whether Plaintiff suffered an adverse employment action; (2) whether Plaintiff was constructively discharged; (3) whether Defendant Palmer is a proper party to the state law claims, given the restriction on individual liability provided by the Oklahoma Governmental Tort Claims Act; and (4) whether Defendant City of Coweta may be held liable under § 1983 under the facts and circumstances of this case.

In his Motion to Strike, Plaintiff first asserts the filing of Defendants' latest summary judgment motion was not authorized. Plaintiff also contends these issues were previously addressed by this Court in the order on Defendants' prior summary judgment request or could have been raised in the prior motion and, therefore, should not be reconsidered in connection with the current motion.

As for the authority to file the Motion, the Scheduling Order emanating from the conference does not contain a deadline for the

filing of dispositive motions. Counsel for Defendant submits an affidavit which states the motions deadline was established at the conference and he calendared it when he arrived at his office. Counsel for Plaintiff relies upon the filed Scheduling Order to state no such deadline was provided.

While initially it may appear both counsel's recollection of events are diametrically in contradiction to one another, it is conceivable Defendant's counsel took a copy of a proposed Scheduling Order with him to his office which contained a motions deadline and relied upon that order in tracking deadlines instead of the filed order which was subsequently mailed to him. This Court intentionally did not establish a dispositive motions deadline due to the fact that these issues should have been exhausted thoroughly when the deadline was previously ordered in the case. While counsel should have followed the filed order which was sent to him and electronically made available to him on the court's docketing system, it is certainly conceivable he was misled into believing the motion was authorized. Therefore, it will not be stricken on that basis.

In reviewing the merits of the arguments raised in the current motion for summary judgment, it is undisputed that the first three issues identified above were, in fact, addressed in this Court's prior order after a full and fair opportunity for briefing at that time. To allow reconsideration at this late date would be to

circumvent the intent of Fed. Rule Civ. Pr. 60(b). Defendant does not argue that any of the bases for reconsideration of the prior order exists as set forth in Rule 60(b), but rather relies upon this Court's inherent power to revisit its prior orders. The second summary judgment request on these three issues represents an attempt by Defendant to provide case authority and argument which could have been presented in the first instance. This Court declines to encourage repeated attempts to shore up previously deficient briefing. Judicial economy demands a single, fair opportunity for the presentation of such arguments and, if the efforts fail, the matter move forward for final adjudication. In short, this Court has addressed these issues and will not do so again.

The final issue, concerning whether Plaintiff may properly pursue the City under § 1983, was not raised by Defendant in the prior motion. The motion proposed by the City is common in cases brought under § 1983 and, frankly, it was unusual for the argument not to have been raised in the prior summary judgment request. Because the opportunity for raising all potentially dispositive issues should be provided as a matter of course on a single occasion in any case, this Court will not permit the seeking of summary judgment at this late date. This, of course, does not prevent the issue to be raised at the appropriate time at trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike [Defendants' Motion for Summary Judgment] filed January 9, 2007 (Docket Entry #72) is hereby **GRANTED**. Accordingly, Defendants' Motion for Summary Judgment filed January 3, 2007 (Docket Entry #69) is hereby **STRICKEN**, without prejudice to raising the issue of the propriety of Plaintiff's § 1983 claim against the City at trial, if warranted.

IT IS SO ORDERED this ____25th____ day of January, 2007.


KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE