IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

F I L E D

FEB 22 2007

WILLIAM B. GUTHRIE
Clerk, U.S. DISTRICT COURT

By_____
Deputy Clerk

REX SHRUM, )
)
Plaintiff, )
)
v. ) Case No. CIV-03-465-W
)
CITY OF COWETA, Oklahoma, )
a Municipal Corporation, and DERRICK )
PALMER, Individually, )
)
Defendants. )

**RESPONSE TO DEFENDANTS' RULE 50 MOTION-
OKLAHOMA RELIGIOUS FREEDOM ACT**

**COMES NOW**, Plaintiff, Rex Shrum by and through his attorneys of record, **Moore & Vernier** and files this response to Defendants' Rule 50 Motion and states as follows:

Defendants argue Defendant Palmer is not a proper party to Shrum's Oklahoma Religious Freedom Act ("ORFA") cause of action. Defendants claim the ORFA is a tort claim limited by the Oklahoma Government Tort Claims Act ("GTCA"), 51 O.S. § 152. The GTCA is inapplicable.

The GTCA applies only to tort causes of action. See. ***Duncan v. City of Nichols Hills***, **913 P.2d 536 (Okla. 1996)**. The ORFA is not a tort action. In ***Duncan***, the District Court and Court of Appeals agreed with defendant city that plaintiff's claim brought pursuant to Oklahoma's Discrimination Act, 25 O.S. § 1901, must meet the requirements and limitation of the GTCA. The Oklahoma Supreme Court disagreed stating:

> The Court of Appeals' opinion implicitly holds that it is the nature of the wrong which determines whether a claim is governed by the Act [GTCA]. After determining the nature of Duncan's claim against the City to be a tort as defined by the Act, the court ended its analysis and found the notice provisions of the Act controlling. In doing so, the court ignored other possible characterizations of

Duncan's claim which would prohibit the application of the Act's notice provisions to limit or restrict any available remedies.

***Duncan*, at 1306.**

The ***Duncan*** Court continued finding the Oklahoma Discrimination Act specifically made reference to the federal anti-discrimination provisions, allowed for a private cause of action, damages and attorney fees and was therefore in the nature of a state civil rights action outside the ambit of the GTCA. ***Duncan*, at 1306-1310**. The Court stated the GTCA is "intended to provide the exclusive remedy for torts committed by the state or a political subdivision. Had Duncan asserted a cause of action in tort, or a parallel action as in Tate, the plain language of the Act [GTCA] requires compliance with the notice provisions of the Act. However, Duncan brought his claim pursuant to a state statute specifically enacted to provide a remedy for persons discriminated against by reason of handicap." ***Duncan*, at 1309-1310**.

Here, Shrum's ORFA claim is brought as a state civil rights action, not a tort claim. And like the Oklahoma Discrimination act, the ORFA specifically references the protections of religion found in Article 1, Section 2 of the Oklahoma Constitution and the religious protections afforded by the U.S. Constitution. **51 O.S. § 252.2**. The ORFA, also specifically provides the right to file a private action in which "declaratory relief or monetary damages" may be recovered as well as attorneys fees and costs for the prevailing party pursuant to 42 U.S.C. § 1988. See. **51 O.S. §§ 252.7 & 256 A & B**. Each of these, like in *Duncan*, demonstrates a cause of action under the ORFA is not a tort claim; it is a civil rights action under state law and is exempt from provisions of the GTCA.

Additionally, an ORFA cause of action is against a "governmental entity" which by statutory definition includes "**any official or other person** acting under color of state law..." **51 O.S. § 252.5**. The Oklahoma Legislature specifically allowed action against an **individual**. If

2

the Legislature had meant the ORFA to be limited by the GTCA it would not have specifically allowed action against an "official." See. ***Duncan*, at 1310** ("Under Oklahoma law, where two statutes are in conflict, a specific statute will control and act as an exception to a statute of general applicability...where two statutes unavoidably conflict, the statute most recently enacted controls."). The ORFA was enacted on November 1, 2000, well after the 1978 enactment of the GTCA. The GTCA does not apply; therefore, as a matter of law, Defendant Palmer and Defendant City of Coweta are proper parties to the ORFA cause of action.[1]

For the foregoing reasons, Defendants' Rule 50 motion should be denied.

Respectfully submitted,

James R. Moore, OBA #6343
Douglas D. Vernier, OBA #18615
**MOORE & VERNIER, P.C.**
ATTORNEYS AT LAW
301 N.W. 63rd Street, Suite 550
Oklahoma City, Oklahoma 73116
Telephone: (405) 843-9675
Facsimile: (405) 843-9680

ATTORNEYS FOR PLAINTIFF

---

[1] Even if the GTCA did apply to the ORFA claim, Defendants have never complained that Plaintiff failed to file a GTCA claim on any of his claims. Additionally, Defendants waive any defense based on the GTCA. Defendants did not argue throughout four years of litigation that the GTCA was applicable or limited in any way Shrum's ORFA claims against Palmer and the City of Coweta.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2007, I hand delivered the foregoing document to the following:

James Hodges
**ELLER & DETRICH**
Midway Building, Suite 200
2727 East 21st Street
Tulsa OK 74114-3533

ATTORNEY FOR DEFENDANTS

Douglas D. Vernier