**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| REX SHRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-03-465-KEW |
| ) | |
| CITY OF COWETA, OKLAHOMA, ) | |
| a municipal corporation; ) | |
| STEVEN C. WHITLOCK; ) | |
| and DERRICK PALMER, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Reconsider Court's Grant of Qualified Immunity to City Manager Whitlock filed March 27, 2007 (Docket Entry #126). This motion is at issue and ripe for ruling.

Plaintiff Rex Shrum ("Shrum") was employed with Defendant City of Coweta as a city police officer. This action was originally filed alleging federal claims based in 42 U.S.C. § 1983 for the alleged violation of his First Amendment right to associate by engaging in union activities, First Amendment right to freely exercise his religion, and a state law claim for violation of the Oklahoma Religious Freedom Act against Defendants City of Coweta (the "City"), Derrick Palmer, individually ("Palmer"), and Steven Whitlock, the city manager for the City ("Whitlock").

By Order entered April 1, 2004, this Court granted summary judgment in favor of Whitlock based upon qualified immunity. In so

doing, this Court found the sole bases alleged for liability against Whitlock was his denial of a grievance brought by Shrum pursuant to a collective bargaining agreement and he did not offer Shrum an accommodation upon receiving his resignation letter. These allegations were determined to be insufficient to establish a constitutional violation. Having found Whitlock did not violate Shrum's federal constitutional rights, this Court found he did not violate the Oklahoma constitution on the state law claim brought pursuant to the Oklahoma Religious Freedom Act. Thus, the totality of the claims against Whitlock were dismissed.

Through the subject Motion, Shrum now requests that this Court revisit the question of Whitlock's qualified immunity based upon the testimony at the jury trial of the claims against the remaining Defendants. Specifically, the evidence cited by Shrum in support or reconsideration of the qualified immunity question consists of the following:

1) Shrum testified that Whitlock spoke to him twice while he was assigned as a Detective and told him "things would be better if the FOP didn't exist . . ." and Shrum "would be better off" if he "dropped out of the FOP."

2) Whitlock denied Shrum's grievance over a three day suspension without pay and would not participate in arbitration over the grievance.

3) Whitlock issued a memorandum to his department heads,

including Palmer which stated expenditures could be reduced in the City if they would "Hold employees accountable for their actions – eliminate the ones who cost the city more $ than they should."

4) Whitlock believed arbitration was a cost concern for the City and arbitrators were biased and issue decisions which infringe on the City's right to manage their departments.

5) Whitlock denied Shrum's grievance concerning a five-day suspension.

6) Whitlock was aware of the disciplinary actions taken by the police department.

7) Whitlock banned the FOP from City property but allowed other organizations to continue using City property.

8) Whitlock required the FOP to move the FOP trailer that had been parked on City property for a number of years.

9) Whitlock received Shrum's letter of resignation and discussed it with Palmer. He did not attempt to contact Shrum about the letter or his resignation.

10) Whitlock accepted and approved Shrum's resignation.

As an initial matter, Defendants contend Shrum's motion is late, since the summary judgment was ruled upon more than three years ago and the matter was not addressed in the interlocutory appeal Defendants took of the denial of Palmer's qualified immunity claim. Additionally, Defendants raise the legitimate concern that

Whitlock did not participate in the trial of the case and did not have the opportunity to cross-examine the witnesses whose testimony Shrum now relies in his request.

Shrum proceeds under the authority of Fed. R. Civ. P. 54(b) which permits interlocutory rulings to be altered at any time before final judgment. Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). Granting summary judgment on qualified immunity represents an interlocutory order. Winfrey v. School Bd. of Dade Co., Fla., 59 F.3d 155, 158 (11th Cir. 1995). This begs the question, however, as to why Shrum was not aware of and did not present the same evidence in opposition to summary judgment that he now asserts defeats Whitlock's claim to qualified immunity. Regardless of the timing of the request to review, this Court maintains its earlier ruling in granting Whitlock's claim to qualified immunity.

While Whitlock certainly demonstrated animosity toward the union, this Court cannot conclude that this animosity translated into a violation of Shrum's constitutional associational rights. Additionally, the "new" evidence presented by Shrum indicates Whitlock was aware of his pastoral obligations, the discipline taken against him, and his resignation. Again, this knowledge does not rise to the level of a constitutional violation of Shrum's right to the free exercise of his religion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider

Court's Grant of Qualified Immunity to City Manager Whitlock filed March 27, 2007 (Docket Entry #126) is hereby **DENIED**.

IT IS SO ORDERED this 28th day of March, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE