IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REX SHRUM,                            )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )      Case No. CIV-03-465-KEW
                                      )
CITY OF COWETA, OKLAHOMA,             )
a municipal corporation;              )
STEVEN C. WHITLOCK;                   )
and DERRICK PALMER,                   )
individually,                         )
                                      )
                    Defendants.       )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for
Prejudgment Interest filed April 4, 2007 (Docket Entry #131).  This
motion is at issue and ripe for ruling.

Plaintiff Rex Shrum ("Shrum") seeks an award of prejudgment
interest on the jury award and resulting judgment entered in this
case.  Initially, the parties recognize that Shrum's expert witness
included prejudgment interest in his calculation of his lost
pension benefits and that the interest should not be duplicated.
This Court by separate Opinion and Order has altered the amount
awarded by the jury to bring the judgment for lost pension benefits
in line with the evidence.  The altered amount awarded by this
Court includes the expert's calculation of prejudgment interest.
Therefore, no further award of such interest will be made on that
amount.

With regard to the award of prejudgment interest on the

monetary award in compensation for Shrum's state law claims, it
appears such an award is mandatory under Oklahoma law.  The
governing statute provides:

> if a verdict for damages by reason of personal injuries
> or injury to personal rights including, but not limited
> to, injury resulting from bodily restraint, personal
> insult, defamation, invasion of privacy, injury to
> personal relations, or detriment due to an act or
> omission of another is accepted by the trial court, the
> court in rendering judgment shall add interest on the
> verdict at a rate prescribed pursuant to subsection I of
> this section from the date the suit resulting in the
> judgment was commenced to the earlier of the date the
> verdict is accepted by the trial court as expressly
> stated in the judgment, or the date the judgment is filed
> with the court clerk.

Okla. Stat. tit. 12 § 727.1.

Certainly, a violation of the Oklahoma Religious Freedom Act
constitutes an injury to a personal right.  Therefore, prejudgment
interest will be allowed on the amount awarded in compensation for
violation of that Act.

On the federal civil rights claims, prejudgment interest is a
matter charged to the discretion of the trial court.  Reed v.
Mineta, 438 F.3d 1063, 1066 (10th Cir. 2006).  The purpose of
prejudgment interest is "to compensate the wronged party for being
deprived of the monetary value of his loss from the time of the
loss to the payment of judgment." Guides, Ltd. v. Yarmouth Group
Property Management, Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).
Prejudgment interest is not recoverable as a matter of right.
Greene v. Safeway Stores, Inc., 210 F.3d 1237, 1247 (10th Cir.

2000).

This Court finds that only the portion of the award attributable to the loss of pension rights is subject to the award of prejudgment interest. The remainder of the damage award was for emotional distress and mental anguish - elements of damages which necessarily do not require compensation through the award of interest as a result of Shrum was deprived of monetary value.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Prejudgment Interest filed April 4, 2007 (Docket Entry #131) is hereby **GRANTED**, in that Shrum is entitled to an award of prejudgment interest for damages awarded on the state law claim asserted at trial at the rate specified by Okla. Stat. tit. 12 § 727.1. Shrum is also entitled to prejudgment interest on the amount awarded on the federal claims in compensation for lost pension rights. In any such calculation of interest on this latter amount, the interest already included in Shrum's expert's report and testimony at trial should not be duplicated. The interest on the federal judgment shall be the prevailing judgment interest at the time the original judgment was entered.

IT IS SO ORDERED this 28th day of March, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE