IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REX SHRUM,)
)
        Plaintiff,)
)
v.) Case No. CIV-03-465-KEW
)
CITY OF COWETA, OKLAHOMA,)
a municipal corporation;)
STEVEN C. WHITLOCK;)
and DERRICK PALMER,)
individually,)
)
        Defendants.)

**OPINION AND ORDER**

This matter comes before the Court on Defendant Steven C. Whitlock's Application for an Award of Attorney Fees filed April 17, 2007 (Docket Entry #138). This motion is at issue and ripe for ruling.

Defendant Steven C. Whitlock ("Whitlock") seeks attorney's fees up to the point he was granted qualified immunity and then for responding to Plaintiff Rex Shrum's ("Shrum") motion to reconsider the grant of qualified immunity filed post trial. Shrum originally alleged Whitlock, as city manager for the City of Coweta, participated in the decision making which led to retaliation against Shrum for engaging in union activity and, ultimately, to his constructive discharge when his schedule was altered such that he could not perform his pastoral duties. By Order entered April 1, 2004, this Court granted Whitlock's request for qualified immunity. In so doing, this Court determined the actions taken or

not taken as alleged by Shrum were not sufficient to establish a constitutional violation.

A jury trial was conducted with regard to the claims against the remaining Defendants, City of Coweta (the "City") and Derrick Palmer ("Palmer"), the chief of police for the City of Coweta. Plaintiff prevailed on the claims against these Defendants. As a result of some of the evidence introduced in that trial, Shrum requested that this Court reconsider the grant of Whitlock's request for qualified immunity by post trial motion. The motion for reconsideration was denied.

Whitlock now seeks to be awarded attorney's fees and costs on two bases - (1) as a prevailing party under 42 U.S.C. § 1988; and (2) as a sanction against Shrum's counsel pursuant to 28 U.S.C. § 1927. In particular, Whitlock takes issue with Shrum's filing of the request for reconsideration of the grant of qualified immunity, contending the motion was untimely and baseless.

Under 42 U.S.C. §1988(b), the prevailing party in a §1983 action may recover attorney's fees as a part of its costs in the Court's discretion. However, interpretative case law has found that a prevailing defendant to a §1983 action may only recover fees upon a showing that a "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) citing Christiansburg Garment Co.

2

v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). It is a "rare circumstance[] in which a suit is truly frivolous so as to warrant an award of attorneys' fees to the defendant." Clajon Production Corp. v. Petera, 70 F.3d 1566, 1581 (10th Cir. 1995).

The heart of Shrum's contention against Whitlock was that he had a hand in orchestrating his constructive discharge as city manager for the City of Coweta. Given Whitlock's level of knowledge of the circumstances of Shrum's resignation, his involvement with union activity, and his communications with Palmer, this Court cannot conclude that Shrum's claims were completely frivolous. The alleged action simply did not rise to the level required for a constitutional deprivation. Accordingly, this Court does not deem this case to be the type for which a discretionary award of attorney's fees is warranted or justified under § 1988(b).

Whitlock makes much of Shrum's motion to reconsider which was filed after the matter returned from the Tenth Circuit Court of Appeals on an interlocutory appeal of the denial of qualified immunity to Palmer and after the jury trial of the claims against the remaining Defendants. Whitlock characterizes this filing as "groundless," "void of merit," "spurious," and "baseless." While ruling that the motion did not warrant reconsideration of the grant of qualified immunity, this Court cannot find that its filing was

as scandalous and outrageous as Whitlock would suggest. An order granting qualified immunity on summary judgment is interlocutory. Winfrey v. School Bd. of Dade Co., Fla., 59 F.3d 155, 158 (11th Cir. 1995). Therefore, this Court is not prepared to deem the later filing of the reconsideration motion as untimely. Further evidence of Whitlock's involvement in the decision making process in the police department was developed, albeit without Whitlock's participation and ability to offer contradictory evidence at trial. Consequently, the later filing, post trial, while not warranting reconsideration, was not baseless.

For similar reasons, the request to sanction counsel under 28 U.S.C. § 1927 is denied. Counsel did not unreasonably or vexatiously multiply the litigation by filing the subject motion.

IT IS THEREFORE ORDERED Defendant Steven C. Whitlock's Application for an Award of Attorney Fees filed April 17, 2007 (Docket Entry #138) is hereby **DENIED**.

IT IS SO ORDERED this 315th day of March, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4