IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REX SHRUM, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-03-465-KEW
 )
CITY OF COWETA, OKLAHOMA, )
a municipal corporation; )
STEVEN C. WHITLOCK; )
and DERRICK PALMER, )
individually, )
 )
        Defendants. )

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Application for Attorney Fees filed April 10, 2007 (Docket Entry #134). This application is at issue and ripe for ruling.

Plaintiff Rex Shrum ("Shrum") seeks attorney's fees and some costs from Defendants for the successful prosecution of this action which ultimately resulted in the jury's award of damages to Shrum for a violation of his constitutional rights as enforced through 42 U.S.C. § 1983 and for a violation of the Oklahoma Religious Freedom Act. Shrum now requests that fees be awarded in the total amount of $153,892.00 under the authority of 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 54(d)(2)(B). Shrum also requests reimbursement for the expense of retaining an expert witness in the amount of $1,200.00.

Defendants first state in their opposition to the fee request that if their Renewed Motion for Judgment as a Matter of Law is granted, Shrum would no longer be the prevailing party and,

therefore, would not be entitled to an award of attorney's fees. This Court denied that Renewed Motion by separate Opinion and Order. Shrum is a prevailing party and may seek his attorney's fees. 42 U.S.C. § 1988(b). *See*, <u>Farrar v. Hobby</u>, 506 U.S. 103, 111 (1992).

After entitlement to fees is determined, the "lodestar" method is employed to determine an appropriate fee, whereby the reasonable hours worked on a case is multiplied by a reasonable hourly rate. <u>Bell v. Board of Co. Comm. of Jefferson Co.</u>, 451 F.3d 1097, 1101 (10th Cir. 2006). The figure may then be adjusted to reflect the particular facts specific to the case. <u>Id</u>. at n.3 citing <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984). An evidentiary hearing need not be conducted on a fee application unless one is requested by the prevailing party or the matter has not been fully developed through the briefs and supporting documentation. <u>Robinson v. City of Edmond</u>, 160 F.3d 1275, 1286 (10th Cir. 1998). Neither circumstance is present in this case and, therefore, this Court will rule upon the reasonableness of the fee request without further hearing.

Defendants do not object to the hourly rates charged by Shrum's counsel. This Court has reviewed these rates and find that they are reasonable and in line with that charged by those attorneys prevailing in this District. <u>Ellis v. Univ. of Kansas Medical Ctr.</u>, 163 F.3d 1186, 1203 (10th Cir. 1998).

Turning to the reasonableness of the time Shrum's counsel

contends they expended in their representation, Defendants have asserted several bases upon which to object to the request. Each will be addressed in turn.

**Travel Time**

Defendants first object to certain entries in Shrum's counsels' time and expense records attributable to travel time, flatly asserting case authority does not allow travel time to be charged. To the contrary, compensation for travel time is permitted, though not always at the full hourly rate charged by the attorney. Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990). Factors such as the customary practice in the locale and the judge's own knowledge may be considered in arriving at the appropriate rate applied for travel time. This Court allows travel time, which is admittedly of reduced productivity, at a rate of one-half the normal hourly rate charged by the attorney. In applying this reduced rate for each of the various attorneys appearing for Shrum in this action, a total reduction in the amount allowed will be made in the amount of $5,520.00.

**Appellate Legal Services**

Defendants next object to counsels' charges for work performed at the Tenth Circuit in defending the appeal of this Court's Order denying qualified immunity to Palmer. Defendants argue that this Court lacks jurisdiction to award such fees, but rather the fees should be sought in and awarded by the Tenth Circuit - a position

3

supported by the case of <u>Hoyt v. Robson Companies, Inc.</u>, 11 F.3d 983 (10th Cir. 1993). The appeal from which the fees are sought was interlocutory in nature. This Court concurs with the position taken in the case of <u>Crumpacker v. Kansas, Dept. of Human Resources</u>, 474 F.3d 747 (10th Cir. 2007), cited by Shrum. Although the underlying case in <u>Crumpacker</u> was based in Title VII, the jurisdictional issue was the same as is presented in this case. The Tenth Circuit found that where an interlocutory appeal is taken and a prevailing party is subsequently determined at the conclusion of the proceedings on the merits, all of the fees may be determined in the first instance by the district court. Any dispute as to the amount awarded related to the interlocutory appeal may then be resolved on appeal to the Tenth Circuit on a *de novo* basis. <u>Id</u>. at 756.

This Court has reviewed the amount sought by Shrum's counsel in connection with the interlocutory appeal and find nothing improper in the request. Accordingly, the fees associated with the interlocutory appeal of the qualified immunity order will be allowed as requested.

**Pre-Suit Services**

Defendants assert Shrum's counsel seeks compensation for services rendered from the first visit of the client to the filing of the lawsuit, including time before the Human Rights Commission. Pre-filing investigation and fact development is required in order

4

to satisfy the ethical obligation of Fed. R. Civ. P. 11(b). This Court has reviewed counsel's pre-filing time in this case and finds it to be both reasonable and compensable.

**Duplication of Services**

Defendants suggest many entries made by two of the attorneys representing Shrum are duplicative and the affected matter could have been handled by one of the attorneys. This Court does not find extensive double billing in situations where it would be unreasonable for multiple attorneys to be present. Consequently, no reduction will be made on this basis.

**Block Billing**

Defendants next object to what they deem as "block billing," whereby it is essentially contended that the entry lacks sufficient detail and breakdown of the tasks and time such that the Court can ascertain the reasonableness of the fee requested on a given day. Defendants suggest a punitive 35% reduction in the fees for such entries.

The key consideration in ascertaining the adequacy of the supporting documentation for any fee request is whether the court has difficulty in evaluating the propriety of the attorney's billing. Crumpacker, 474 F.3d at 757. Even if the documentation is inadequate, a reduction of the award is discretionary. Id. citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In this case, this Court has reviewed the offending entries

and finds no difficulty in determining the propriety of the tasks for which compensation is requested. This Court, while not encouraging the practice of failing to separate out tasks performed by counsel, does not find a draconian across-the-board reduction in the fees requested is warranted.

**Billing Judgment**

Defendants seek a reduction in Shrum's fee request due to the failure to exercise "billing judgment." Defendants urge a 10% total additional reduction in the fee requested because some of the entries demonstrate a lack of billing judgment on the part of Shrum's counsel. Specifically cited are entries concerning a traffic ticket given to Mrs. Shrum, Plaintiff's wife, by the City of Coweta police department and addressing problems with the water bill issued by the City to the church where Shrum acted as pastor. Since retaliation was a lynchpin of Shrum's case, these matters cannot be said to be irrelevant, as Defendants suggest.

Additionally, Defendants oppose an entry for the filing of an amended motion in limine entered while the case was stayed during the interlocutory appeal of the qualified immunity order. Work on a matter that would undoubtedly go to trial involving a party unaffected by the appeal, the City, was not unreasonable.

**Costs**

Shrum seeks reimbursement of $1,200.00 for an expert witness fee. With the passage of the Civil Rights Act of 1991, expert

witness fees may now be reimbursed in the discretion of the court. The amount sought by Shrum, originally as a part of his Bill of Costs, is not unreasonable. Mr. Thomas Cummins testified at trial on the issue of Shrum's damages. As a result, the amount will be reimbursed.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney Fees filed April 10, 2007 (Docket Entry #134) is hereby **GRANTED**. Plaintiff Rex Shrum is awarded attorneys' fees and costs in the total amount $149,572.00, which includes the reduction in travel time and the addition of the expert witness fee.

IT IS SO ORDERED this 31st day of March, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE